UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:02-00209

NANCY G. WILKINSON


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On January 23, 2008, the United States of America appeared by R. Booth Goodwin, II, Assistant United States Attorney, and the defendant, Nancy G. Wilkinson, appeared in person and by her counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Teresa L. Eggerud, the defendant having commenced a three-year term of supervised release in this action on January 12, 2005, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on February 27, 2003.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the special condition of supervised release that, should the defendant acquire assets which may reasonably be applied to the restitution indebtedness, such assets are to be so applied to the restitution indebtedness in addition to the required monthly payments, in that the defendant received approximately $25,676.15 in life insurance proceeds upon the death of her husband in September, 2007, and failed to apply any of those proceeds to her restitution obligation even though $19,004.47 remained after provision for her husband's funeral and burial expenses of $5,000.00 and the redemption of her real estate for delinquent taxes of $1,671.68. Rather, the defendant, despite her restitution obligation, voluntarily chose to repay her brother for a loan of $5,000.00 and to spend a total of $4,830.02 for home improvements and home furnishings and another $619.32 for real estate taxes as well as $7,000 for a car large enough to be usable by her invalid daughter, all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violation warrants revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violation if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of continued monitoring by the probation officer and corrective treatment that can be administered in the course of a further term of supervised release during which she can continue to make regular payments toward restitution and, in addition, reasonably apply any assets which may be acquired by her toward the restitution indebtedness, it is ORDERED that the defendant be, and she hereby is, sentenced to one (1) day of unmonitored home confinement, to be followed by a term of three (3) years less one day of supervised release upon the standard conditions

3

of supervised release now in effect in this district by orders entered December 17, 1998, and June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that she continue to make monthly restitution payments of $250 per month and, should she acquire assets which may reasonably be applied to the restitution indebtedness, such assets are to be so applied to the restitution indebtedness in addition to the required monthly payments.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  February 4, 2008

John T. Copenhaver, Jr.
United States District Judge